THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE FERGUSON, *Plaintiff,* v. WODA MANAGEMENT & REAL ESTATE, LLC, and WODA COAL CITY MEADOWS APARTMENTS, LP, *Defendants.* | No. 20 C 7720 Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

While walking down a stairwell in her apartment building, Plaintiff Bonnie Ferguson ("Ferguson") tripped over a rock and broke her leg. In this negligence suit, she alleges a premises-liability theory against the building's owners and property managers, Defendants Woda Coal City Meadows Apartments, LP and Woda Management & Real Estate, LLC (collectively, "the Woda Defendants"). Before the Court is the Woda Defendants' Motion for Summary Judgment. (Dkt. 47). For the reasons stated below, the Woda Defendants' motion is granted.

## BACKGROUND

Since June 2020, Plaintiff Bonnie Ferguson has been a resident at Coal City Meadows Apartment, an apartment building partially owned and managed by the Woda Defendants. (Dkt. 55 ¶¶ 3, 5, 14; Dkt. 50-1 at 7:18–20). On July 4, 2020, Ferguson went to a local bar and consumed at least four alcoholic drinks before she returned home at approximately 9:45 PM. (*Id.* at ¶ 16). At approximately 10:00 PM, Ferguson decided to leave her apartment and go downstairs to socialize with her new neighbors. (*Id.* at ¶ 18). The stairwell goes straight down and contains about 14 carpeted steps. (*Id.* at ¶ 20). On the left side of the stairwell, attached to the wall, is a handrail. (*Id.*

1

at ¶ 23). The right side of the stairwell has a half-wall with a flat board on top that can be used for support when going down the stairs. (*Id.*) As Ferguson descended the stairs, she looked straight ahead—not down at the steps—while using only the half-wall for support. (*Id.* at ¶¶ 24–25). About halfway down, Ferguson fell. (*Id.* at ¶ 26). No one saw Ferguson fall. (*Id.* at ¶¶ 27–28). After the fall, Patsy Hughes, another resident in the Coal City Meadows Apartments, found Ferguson at the bottom of the stairs, crying and screaming in pain. (*Id.* at ¶ 31). Because of her fall, Ferguson sustained a fractured left femur. (Dkt. 60 ¶ 4).

Hughes called 911 and an emergency response team transported Ferguson to the emergency department of Morris Hospital. (Dkt. 55 ¶¶ 32, 37). At the hospital, Ferguson was diagnosed with a fractured left femur and acute alcohol intoxication. (*Id.* at ¶ 41). At 11:42 PM, her lab work showed her blood alcohol level to be 0.24%, within the toxic range for moderate to severe alcohol poisoning. (*Id.* at ¶¶ 40–41). The next morning at 9:44 AM, the doctor described her as being "still somewhat intoxicated." (*Id.* at ¶ 42). The doctor placed Ferguson in an alcohol withdrawal clinic in order to assess her and get a lower blood alcohol level. (*Id.* at ¶ 43). Dr. Mir H. Ali, an orthopedic surgeon, operated on the broken leg later that day and wrote in his notes, "fell while intoxicated." (*Id.* at ¶ 44). Five days later, on July 10, 2020, Ferguson had an interactive audio/video visit with Dr. Peter Roumeliotis and told him "that she had consumed a lot of alcohol on 4 July and became intoxicated" and that she "has no recollection of the fall." (*Id.* at ¶ 47).

Ferguson now claims that a "big," concrete rock on a step in the stairwell caused her to fall. (*Id.* at ¶ 56). She further alleges that at the time of the fall, the stairwell was "real dark," and she did not see the rock prior to her fall. (*Id.* at ¶¶ 59, 64). Nor does Ferguson know how long the rock had been in the stairwell. (*Id.* at ¶ 60).

Ferguson moved into the apartment approximately two weeks before the fall on July 4. (*Id.* at ¶ 66). Ferguson noticed other residents using rocks at the top and bottom of the stairwell where she fell to prop open doors. (Dkt. 60 ¶ 3; Dkt 50-1 at 30:8–16). Ferguson never contacted the owner or the manager of Coal City Meadows Apartments about any rocks or other issues in the stairwell before or after her fall. (Dkt. 50-1 at 32:3–24; Dkt. 55 ¶ 74). After her fall, Ferguson talked with an agent of the Woda Defendants, Jasmine Bedell, about the rocks in the hallways and on the stairs. (Dkt. 50-1 at 32:3–20). Since her fall, Ferguson has seen people propping doors open with rocks, (Dkt. 55 ¶ 70), but has not seen any rocks on any stairwell, (Dkt. 50-1 at 33:16–34:8, 34:21–35:5).

## LEGAL STANDARD

Summary judgment is proper when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue of material fact exists when there is "sufficient evidence" for a jury to return a verdict in favor of the party opposing summary judgment. *Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022). At the summary judgment stage, the Court construes all facts in the light most favorable to the non-moving party—here, Ferguson—and draws all reasonable inferences in her favor. *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013) (citation omitted). The defendant is entitled to summary judgment if the plaintiff "cannot present sufficient evidence to create a dispute of material fact regarding any essential element of her legal claims on which she bears the burden of proof." *Burton v. Bd. of Regents of the Univ. of Wis. Sys.*, 851 F.3d 690, 694 (7th Cir. 2017). To avoid summary judgment, the nonmoving party must go beyond the allegations of her complaint and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. S. Door Cnty. Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012) (citation omitted). For this reason, the Seventh

Circuit has called summary judgment the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *See Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (citation omitted). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

Ferguson alleges that the Woda Defendants were negligent in failing to maintain a safe common area and brings her sole claim under a premises-liability theory. Since the Court sits in diversity, Illinois law applies to Ferguson's negligence claim. *See Gacek v. Am. Airlines, Inc.*, 614 F.3d 298, 301–02 (7th Cir. 2010). To succeed on a theory of premises liability, Ferguson must show that: (1) the defendants owed her a duty; (2) they breached that duty; (3) the injury was proximately caused by the breach; (4) there was a condition on the property that presented an unreasonable risk of harm; (5) the defendant knew or reasonably should have known of the condition and the risk; and (6) the defendant could reasonably have expected people on the property would not realize, would not discover, or would fail to protect themselves from the danger. *Garcia v. Goetz*, 121 N.E.3d 950, 958 (Ill. App. Ct. 2018); *see also Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). The Woda Defendants dispute the third, fourth, and fifth elements: proximate cause, unreasonable risk, and notice. Because the notice requirement is dispositive, the Court starts and ends there.

The notice element under a premises-liability theory asks whether the Woda Defendants knew or should have known that the injury-causing condition created an unreasonable risk. *See Parker*, 845 F.3d at 811. If the alleged condition was a foreign substance, like a rock, that was

placed or left on the premises, the defendant can be liable if: (1) the defendant negligently placed the foreign substance there; (2) the defendant had actual notice of the substance; or (3) the substance was there a sufficient length of time, so that in the exercise of ordinary care, the defendants should have discovered its presence—meaning, the defendant had constructive notice of the substance. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). There is no evidence to show that the Woda Defendants had negligently placed rocks in the hallways or stairwells or that the Woda Defendants had any actual notice that there were rocks in the building. There is no evidence in the record that anyone had ever complained to the Woda Defendants about the rocks nor that there was any other condition of the building that would have led tenants to place rocks near the doors to keep them open—such as broken air conditioning. Ferguson, herself, never made a complaint to the Woda Defendants. Without more, the Woda Defendants did not have actual notice of any rocks on the stairwell. Instead, Ferguson argues that the Woda Defendants had constructive notice.

A plaintiff can establish constructive notice by presenting evidence that either shows: (1) the dangerous condition existed for a long enough time to have been discovered by the exercise of ordinary care (length of time theory); or (2) the dangerous condition was part of a pattern of conduct or a recurring incident (pattern-or-practice theory). *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988).

Here, Ferguson relies on the pattern-or-practice theory. (Dkt. 54 at 4). Ferguson would not be able to testify about a dangerous condition existing for a long enough period of time to have been discovered during the exercise of ordinary care because Ferguson only lived in the apartment for approximately two weeks prior to the fall. After her accident, she stated that before her accident, she noticed residents in the apartment building using rocks to prop open the doors at the top and

5

bottom of the stairwell. Therefore, she states that a reasonable jury could infer that the Woda Defendants had constructive notice of the dangerous condition because propping open doors with rocks was a pattern of conduct or recurring incident.

The sole piece of evidence that other residents had a pattern of using rocks to prop open doors comes from Ferguson's statement. Yet, according to Ferguson, she fell on a rock in the stairwell, not a rock keeping a door propped open. So the relevant pattern of conduct or recurring incident would involve rocks appearing on the stairwell. *See, e.g.*, *Albert v. Bank of Am., N.A.*, No. 12 C 9785, 2016 WL 542151, at *7 (N.D. Ill. Feb. 9, 2016) (finding that the pattern of conduct was specifically placing mirrors on the dumpsters and not garbage generally being disposed in a dangerous fashion in the dumpster area). Ferguson has not provided any evidence to show that having rocks propping open doors constituted a dangerous condition that the Woda Defendants should have discovered.

Ferguson cites only two cases: (1) *Devine v. National Railroad Passenger Corp.* and (2) *Culli v. Marathon Petroleum Co*. Neither case supports her claim. First, *Devine* found constructive notice under the length-of-time theory, which is different from what Ferguson argues here. *See Devine v. Nat'l R.R. Passenger Corp.*, 2020 WL 5569832, at *4–5 (N.D. Ill. Sept. 17, 2020). Then, *Culli*—a seminal case on constructive notice under Illinois law—is distinguishable. In *Culli*, a customer sued a gas station after she slipped and fell in the pump area. *Culli*, 862 F.2d at 121–22. The Seventh Circuit held that there was sufficient evidence on the record to show that the plaintiff's injury resulted from "a pattern of conduct or recurring incident which would constitute constructive notice of a dangerous condition." *Id.* at 125–27. In reaching that conclusion, the Court reasoned that the plaintiff did not need to show a pattern or practice of any particular spill at the gas station, but rather a pattern of spills that was not remedied within a reasonable time. *See id.* at

6

126; *see also, e.g.*, *Mitts v. Costco Wholesale Corp.*, No. 16 C 5788, 2017 WL 8204095, at *5 (N.D. Ill. Dec. 8, 2017) (finding that the repeated hazard of customers slipping on spilled milk is the essential factor for constructive notice and not the hazardous pattern of spilling milk). The record had substantial evidence showing the defendant knew there were daily spills in the pump area and had failed to frequently inspect the premises and clean the spills. *Culli*, 862 F.3d at 121, 126–27.

Unlike in *Culli*, Ferguson relies solely on her own testimony that, two weeks before her fall, she noticed there were rocks at the top and the bottom of the stairwell propping open the doors. Without more, she cannot demonstrate that there was a pattern of rocks left on the stairwell. *See, e.g.*, *Reynaud v. Dollar Tree Stores, Inc.*, No. 18 C 8017, 2021 WL 3418844, at *2 (N.D. Ill. Aug. 5, 2021) ("To the extent that plaintiff is attempting to argue a recurring incident theory, she needs to present evidence that this store had a pattern of dangerous condition leading to recurring incidents."); *Devine*, 2020 WL 5569832, at *4 ("[A] record devoid of problems similar to the dangerous condition alleged precludes [the pattern-or-practice theory] of constructive notice.") (citations omitted); *Piotrowski v. Menard, Inc.*, 2015 WL 5139415, at *5–6 (N.D. Ill. Aug. 31, 2015) (determining that evidence of a recurring incidence of rocks escaping from planters near the defendant's exit and onto its parking lot—without evidence of prior complaints or claims about rocks in the parking lot or of past injuries similar to the plaintiff's—did not establish constructive notice); *Torres v. T.G.I. Friday's*, 2006 WL 3743132, at *4 (N.D. Ill. Dec. 15, 2006) *aff'd sub nom. Torrez v. TGI Friday's, Inc.*, 509 F.3d 808 (7th Cir. 2007) (affirming grant of summary judgment for defendant and noting that plaintiff could not establish constructive notice based on a pattern of conduct or a recurring incident because "the record is devoid of any evidence as to similar injuries caused by problems with lighting in fryer hoods at T.G.I. Friday's"). Nor can she establish that the

Woda Defendants failed to remedy a pattern of rocks on the stairwell within a reasonable time. *See, e.g.*, *Kozyra v. Dollar Tree Stores, Inc.*, 2017 WL 2958103, at *7 (N.D. Ill. July 11, 2017) (finding no constructive notice, despite evidence that baskets and other items were frequently left out on the defendant's floor, absent any showing of past trip-and-fall incidents involving baskets or that the defendant was negligent and failed to timely remedy the baskets).

The Woda Defendants also state that Ferguson's intoxication was the proximate cause of her fall. Proximate cause is "a question of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them." *Merlo v. Pub. Serv. Co. of N. Ill.*, 45 N.E.2d 665, 675 (Ill. 1942). Ferguson has admitted that she was drinking alcoholic beverages on July 4, 2020, (Dkt. 55 ¶¶ 16, 33), and that medical testing showed her blood alcohol level at 0.24% on July 4, 2020 at 11:44 PM after the fall, (*id.* at ¶ 39). Ferguson further admits that she was diagnosed with acute alcohol intoxication, (*id.* at ¶ 41), and that she had a recent history of falling at a lower level of intoxication, without the presence of any rock(s) or stairs, (*id.* at ¶¶ 8–13). The Woda Defendants argue that there can be no legitimate "dispute" that Ferguson was intoxicated at the time of the fall, despite her self-serving statement that she "disputes and denies" intoxication. (*Id.* at ¶¶ 37, 47). The medical evidence in the record refutes that statement and she has admitted to the medical evidence. Because there is no basis for reasonable men to have differing opinions as to her intoxication, the Woda Defendants seek to have the Court determine that her intoxication caused her fall.

Yet, even on such a slim record as this, Ferguson might have presented competing evidence as to the cause of her fall. But in a premises liability case relying on constructive notice, the Court need not go that far. Where Ferguson has failed to get past the gate-keeping function is in her failure to present any evidence to suggest that there is a pattern of conduct or recurring incident of

rocks in the stairwells. She has not, for example, presented any other residents who might have noticed a similar condition. She has not pointed to any evidence of previous injuries caused by rocks in the stairwells or any comments or complaints from other residents about rocks. Furthermore, she has not presented any evidence that the Woda Defendants should have known about rocks on the stairs. To the contrary, Ferguson testified that she never complained about rocks to the Woda Defendants or any of their agents before her fall—only afterward. At best, her testimony suggests that there were some rocks near the door, but nothing to suggest that rocks were frequently on the stairs. Nor has Ferguson presented any evidence that the Woda Defendants failed to inspect the stairwells or remove rocks from the steps. Accordingly, Ferguson's claim cannot survive summary judgment.

## CONCLUSION

For the reasons above, the Court grants the Woda Defendants' motion for summary judgment [47].

_____
Virginia M. Kendall
United States District Judge

Date: September 27, 2023